WINSTON JONES, Assignee, etc., Respondent, *v.* THE MER-CHANTS, NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

*Court of Appeals, March* 26, 1889.

Affirming 48 Hun, 620.

1. *Court. Discretion.*—The court has power, in the exercise of its discretion, to make an order, at circuit, cancelling the clerk's minutes of the trial and substituting others in their place; and also an order, at special term, opening and amending the judgment-roll and prescribing the form of an amended judgment, which was directed to be entered *nunc pro tunc.*

2. *Same. Relief.*—Where it was stipulated on the trial that counsel should agree between themselves as to the figures which it would be necessary to insert in the verdict for the plaintiff, or, if they could not do so, that the evidence as to the interest and value of the property should be taken before the judge, without the jury, before the entry of judgment, which was subsequently done and the verdict and judgment entered in precise conformity with the agreement of counsel and the requirements of law, the only relief against the judgment to which the defendant is entitled is by an appeal therefrom.

Appeal from an order of the general term affirming an order of the circuit cancelling the clerk's minutes of trial

and substituting other minutes, and an order of special term amending judgment for plaintiff and constructing the judgment-roll.

*John E. Burrill*, for appellant.

*Burton N. Harrison*, for respondent.

PER CURIAM.—The verdict of the jury disposed of the real issues involved in the action. It remained only to compute the interest and ascertain the value of the property at the time of the trial, and to put the verdict in proper form. The appellant claims that at the time the verdict was directed there was an agreement by counsel in open court that the interest should be subsequently computed by the court unless counsel could agree upon the same. On the other hand it is claimed by the plaintiff that it was stipulated that counsel should agree between themselves upon the interest and the value of the property, or if they could not, that the evidence as to them should be taken before the judge, without the jury, before the entry of judgment. As there was a conflict in regard to what the precise agreement was, we must take the facts here as claimed by the plaintiff. The interest was subsequently computed, and proof of the value of the property at the time of the trial was taken before the judge; and all that the courts have been trying to do since, and have actually accomplished, has been to carry out the stipulation and to put the verdict in proper form, and cause the entry of the proper judgment. The verdict and judgment as finally recorded and entered are in precise conformity with the agreement of counsel and the requirements of the law, and the only relief against the judgment to which the appellant is now entitled is by an appeal therefrom.

We think the court had the power to make the orders appealed from in the exercise of its discretion, and this appeal should, therefore, be dismissed, with costs.

All concur except GRAY, J., not voting.